IN THE UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| PAGLIONI & ASSOCIATES, INC.<br>58 S. HIGH STREET<br>DUBLIN, OHIO, 43017<br><br>Plaintiff,<br><br>vs.<br><br>WINNERCOMM, INC.<br>TWO WARREN PLACE<br>6120 S. YALE AVE., SUITE 210<br>TULSA, OKLAHOMA 74138<br><br>Defendant. | Case No. 2:06cv276<br><br>Judge: JUDGE GRAHAM<br><br>Magistrate: MAGISTRATE JUDGE KING |

FILED
JAMES BONINI
CLERK
06 APR 14 PM 3:53

## COMPLAINT

Now comes Plaintiff Paglioni & Associates, Inc., by and through counsel, and hereby states its Complaint against Defendant WinnerComm, Inc. as follows:

## PARTIES

1. Plaintiff Paglioni & Associates, Inc. is a business duly incorporated under the laws of the State of Ohio with its principal place of business in the City of Dublin, Franklin County, Ohio.

2. Defendant WinnerComm, Inc. is a business duly incorporated under the laws of the State of Oklahoma with its principal place of business in the City of Tulsa, Tulsa County, Oklahoma.

## JURISDICTION AND VENUE

3. Jurisdiction is proper before this Court pursuant to 28 U.S.C. §1332. Plaintiff is a business incorporated in Ohio and with its principal place of business is Ohio. Defendant is a business incorporated in Oklahoma with its principal place of business in Oklahoma.

4.   The amount in controversy, exclusive of costs and interest, is $1.5 million dollars and this amount exceeds the sum specified in 28 U.S.C. §1322.

5.   Venue is proper before this Court since the contract at issue in this matter was formed in Franklin County, Ohio.

**FACTS**

6.   Plaintiff is a business that sells sponsorships and/or commercials for national broadcast television events.

7.   Defendant is a production company that produces broadcast television events.

8.   In September 2004, Plaintiff and Defendant began a relationship where Plaintiff would direct company's that wanted to purchases sponsorships and/or commercials to advertise their products on the television broadcasts being produced by Defendant.

9.   During this time period, Defendant would pay Plaintiff in Franklin County, Ohio a commission of 10% for any business Plaintiff directed to Defendant.

10.  Plaintiff directed several clients to Defendant and was always paid a 10% commission based upon the value of the contract Defendant signed with the referred client.

11.  This history and business relationship created a course of dealing that Plaintiff relied upon when he directed business to Defendant.

12.  In April 2005, Cingular Wireless contacted Plaintiff with a request to do business. Cingular asked Plaintiff if it could secure seats to a National Rodeo event that was to take place in Oklahoma.

13.  Defendant was the production company for this rodeo event.

14.  Since Plaintiff had a good business relationship with Defendant and since Plaintiff had directed business to Defendant in the past for a commission fee, Plaintiff in Franklin County,

2

Ohio brokered a deal where Defendant gave Cingular seats to the rodeo event in exchange for Cingular agreeing to a meeting with Plaintiff and Defendant so Defendant could make a proposal to Cingular for Cingular to purchase sponsorship with the Defendant.

15. Based upon the work performed by Plaintiff in brokering this arrangement, Cingular agreed to participate in a meeting with Plaintiff and Defendant.

16. As a result of Plaintiff putting Cingular and Defendant together for this meeting, Defendant and Cingular entered into a $15,000.000 sponsorship contract.

17. Based upon Plaintiff and Defendant's prior course of dealing, Plaintiff earned its 10% or $1,500,000 commission.

18. However, Defendant has refused to pay Plaintiff this commission.

**COUNT I (BREACH OF CONTRACT)**

19. Plaintiff realleges and incorporates by reference Paragraphs 1-18 as if fully rewritten herein.

20. Defendant breached the terms of its contract with Plaintiff by failing to pay Plaintiff the 10% commission Plaintiff earned when it directed Cingular to Defendant so that Cingular could purchase $15,000,000 of sponsorship with the Defendant.

21. As a direct and proximate result thereof, Plaintiff has been damaged in the amount of $1,500,000, plus interest and costs.

**COUNT II (UNJUST ENRICHMENT)**

22. Plaintiff realleges and incorporates by reference Paragraphs 1-21 as if fully rewritten herein.

23. Plaintiff conferred a benefit to Defendant by directing Cingular to Defendant so Cingular could purchase $15,000,000 of sponsorship with Defendant.

24. Defendant had knowledge of the benefit conveyed upon it by Plaintiff.

25. Defendant has entered into a $15,000,000 contract with Cingular, but Defendant has refused to pay Plaintiff the 10% commission it earned for the work it performed in bringing Cingular and Defendant together so they could consummate their deal.

26. As a result, Plaintiff has been damaged in the amount of $1,500,000, plus interest and costs.

**COUNT III (QUANTUM MERUIT)**

27. Plaintiff realleges and incorporates by reference Paragraphs 1-26 as if fully rewritten herein.

28. Plaintiff performed a valuable service for Defendant when it brokered a deal for Defendant to enter into a $15,000,000 contract with Cingular.

29. Defendant accepted the services provided by Plaintiff and utilized them in securing a $15,000,000 benefit for itself.

30. Defendant had knowledge of the benefit conveyed upon it by Plaintiff.

31. Furthermore, based on Plaintiff and Defendant's past course of dealing, Defendant knew our should have known that it was obligated to pay Plaintiff a 10% commission on the deal Defendant entered into with Cingular.

32. Despite benefiting from the services provided by Plaintiff, Defendant has refused to pay Plaintiff the 10% commission it earned for the work it performed in bringing Cingular and Defendant together.

33. Such an unjust enrichment by Defendant has caused Plaintiff to be damaged in the amount of $1,500,000, plus interest and costs.

**WHEREFORE**, Plaintiff requests judgment against Defendant in the amount of $1,500,000, pre and post judgment interest, recovery of its costs, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted by:


*(signature)*
David W. Orlandini         (0064850) (LEAD COUNSEL)
*Brian J. Bradigan, Inc.*
450 Alkyre Run Drive, Suite 120
Westerville, Ohio 43082
(614) 901-9600
(614) 901-2723 Fax
David@Bradiganlaw.com
*Attorneys for Plaintiff*


Of Counsel:

*(signature)* by David W. Orlandini
Douglas A. Funkhouser     (0064831) w/ permission
*Douglas A. Funkhouser Co., LPA*
729 South Third Street
Columbus, Ohio 43206
(614) 443-5404
(614) 443-5408 FAX
douglasfunkhouser@yahoo.com
*Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff hereby demands that this matter be tried before a jury of 8 jurors.


*(signature)*
David W. Orlandini         (0064850) (LEAD COUNSEL)
900052 -- complaint