IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Paglioni & Associates, Inc.,

    Plaintiff,               Case No. 2:06-cv-276

v.                                    JUDGE GRAHAM

WinnerComm, Inc.,

    Defendant.

### ORDER

This matter is before the Court on Defendant, WinnerComm, Inc.'s ("WinnerComm") Motion to Strike Plaintiff's Amended Complaint (Doc. 18). Plaintiff did not file a response to Defendant's Motion.

### I. FACTS

Plaintiff Paglioni & Associates, Inc. ("Paglioni") filed its Complaint against Winnercomm on April 14, 2006 (Doc. 2). WinnerComm filed a Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) on June 8, 2006 (Doc. 9). This Motion is still pending before the Court.

Paglioni then filed an Amended Complaint on August 30, 2006 (Doc. 17). WinnerComm moves this Court for an Order striking the Amended Complaint. WinnerComm also seeks an award of its attorneys' costs and fees in preparing this Motion.

### II. DISCUSSION

WinnerComm moves this Court under Fed. R. Civ. P. 12(f) for an Order striking Paglioni's Amended Complaint for failure to first obtain leave of Court under Fed. R. Civ. P. 15(a). Rule 12(f) provides, "upon motion made by a party...the court may order stricken from any pleading any insufficient defense or any

1

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a pleading is a drastic remedy, such motions are commonly viewed with disfavor and are rarely granted. See AT&T Global Information Solutions Co. v. Union Tank Car Co., C2-94-876, 1997 U.S. Dist. LEXIS 6090 (S.D. Ohio Mar. 31, 1997)(citing Brown and Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th. Cir. 1953)); see also Morrow v. South, 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy.").

Under Rule 15(a), "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not be placed on the trial calendar, he may so amend it at any time within 20 days after it is served." Fed. R. Civ. P. 15(a). Rule 7(a) provides that the pleading which is responsive to a complaint is an answer. See Fed. R. Civ. P. 7(a). Paglioni's Complaint, filed on April 14, 2006, was a pleading to which a responsive pleading is permitted. As a result, Paglioni could "amend his pleading once as a matter of course at any time before a responsive pleading" was served under Fed. R. Civ. P. 15(a).

A motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) is not a responsive pleading under Fed. R. Civ. P. 15(a). Youn v. Track, Inc., 324 F.3d 409, 415 (6th. Cir. 2003) (finding the "[district] court incorrectly determined that the motion to dismiss for lack of personal jurisdiction was a responsive pleading")(citing Kameran v. Pakco Cos., Inc., 75 F.R.D.

2

673, 674 (S.D.N.Y. 1977); Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1068 (4th. Cir. 1993); Worcester County Nat'l Bank v. Cohn, 48 F.R.D. 285, 286 (S.D.N.Y. 1969)).  Thus, a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) is not a responsive pleading within the intent of Rule 15(a).  Because WinnerComm's Motion is not a responsive pleading, Paglioni was entitled to amend its Complaint without obtaining leave of court or WinnerComm's permission.

WinnerComm also argues that Paglioni's Amended Complaint, adding Innovative Media Solutions, LLC ("IMS") as a defendant, violates Fed. R. Civ. P. 11.  WinnerComm has requested its attorneys' fees and costs for the preparation of its Motion to Strike, in part on the grounds that Paglioni did not properly seek leave of this Court or WinnerComm's consent to amend its Complaint. As discussed supra, Paglioni was not required to seek leave of court or WinnerComm's consent before filing its Amended Complaint and, indeed, had the absolute right to amend because WinnerComm had not yet filed a responsive pleading.

Even if Paglioni were required to seek the leave of this Court to amend its Complaint, WinnerComm has not offered anything but conclusory allegations that the addition of IMS as a party was in bad faith because "IMS has nothing to do with the allegations of Plaintiff's Complaint."  "Rule 15(a) does not enumerate the particular purposes for which an amendment may be sought; it simply provides for a basic policy statement and a procedural framework to be followed by a party desiring to amend a pleading.  Given this flexibility, courts have allowed amendments to be made for a variety of reasons."  6 Charles Alan Wright, Arthur R. Miller &

3

Mary K. Kane, Federal Practice and Procedure § 1474 (2d ed. 1990). Moreover, a party may make a Rule 15(a) amendment to add parties to the action. See Rupe v. Fourman, 532 F.Supp 344, 350 (S.D. Ohio 1981); Rothgeb v. Statts, 56 F.R.D. 559, 562 (S.D. Ohio 1972). "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." Moore v. City of Paducah, 790 F.2d 557, 559 (6th. Cir. 1986).

A court may refuse to allow the amendment if it finds undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in the pleading, undue prejudice to the opposing party or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of any of these factors, a party should be afforded the opportunity to amend its pleading. Id. Here, Paglioni's proffered Amended Complaint includes allegations against IMS. WinnerComm has offered only conclusory allegations that the Amended Complaint was filed in bad faith. None of the factors listed in Foman exist here.

Finally, it does not appear to the Court that WinnerComm has followed the procedures under Rule 11 to move for sanctions. Rule 11(c)(1)(a) states that "[a] motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b) . . . . [i]t shall be served as provided by Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(a).

WinnerComm did not comply with the so-called "safe-harbor"

4

provision of the rule by giving Paglioni twenty-one days to withdraw the proffered Amended Complaint before filing its Motion. Paglioni filed its Amended Complaint on August 30, 2006, and WinnerComm filed its Motion to Strike containing its allegations of failure to comply with Rule 11 on September 5, 2006.  "Compliance with the safe harbor provision is a mandatory procedural prerequisite to an award under the rule."  <u>Neighbors Concerned About Yacht Club Expansion v. Grosse Point Yacht Club</u>, No. 99-70325, 1999 U.S. Dist. LEXIS 8646, at *28 (E.D. Mich. May 26, 1999) (citing <u>Morganroth & Morganroth v. DeLorean</u>, 123 F.3d 374, 384 (6th Cir. 1997)).  Nor did WinnerComm make its Motion for sanctions separately from its Motion to Strike.  And, as discussed above, WinnerComm did not elucidate any specific grounds which would constitute a violation of Rule 11(b).

**III. CONCLUSION**

    The Motion to Strike and the Motion for Sanctions are DENIED. It is so ORDERED.

                                        <u>s/James L. Graham</u>
                                        JAMES L. GRAHAM
                                        United States District Judge

DATE: November 1, 2006